IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,167




EX PARTE JUAN RAUL NAVARRO RAMIREZ




MOTION FOR CONTINUANCE ON ORDER TO SHOW CAUSE
ON NOTICE OF NO APPLICATION FOR WRIT OF HABEAS CORPUS
FILED IN CAUSE NO. CR-0551-04-G(1)
IN THE 370TH JUDICIAL DISTRICT COURT
HIDALGO COUNTY




           Per Curiam. 
 

O R D E R

           This case is before us because no application for writ of habeas corpus has been
filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071.



           On December 22, 2004, the trial court appointed David K. Sergi to represent
applicant in an Article 11.071 post-conviction writ of habeas corpus. On December 4,
2006, the State filed in this Court its brief on applicant’s direct appeal. Pursuant to
Article 11.071, § 4(a), counsel should have filed applicant’s application for writ of habeas
corpus in the convicting court no later than January 18, 2007. On August 15, 2007, after
granting one timely filed and two unauthorized extensions, the trial court held a hearing
on applicant’s pro se motion to remove his writ counsel. The trial court granted
applicant’s request and removed Sergi as counsel for reasons unrelated to his failure to
timely file an application on applicant’s behalf. 
           In February 2008, it was brought to the attention of this Court that no application
had been filed on applicant’s behalf. Pursuant to Article 11.071, § 4A, because no
application had been filed, and because it was well past the statutory due date, we ordered
Sergi to file an affidavit with this Court setting out good cause for his failure to timely file
the application. On the due date for filing the affidavit, counsel filed a motion for
extension asserting that he could not give good cause without violating the attorney-client
privilege and the attorney work product privilege. Thus, he asserted that he needed an
additional 60 days to obtain the waivers from his former client and prepare his affidavit.
           However, notwithstanding counsel’s assertion, explaining whether he took steps to
get the trial judge to grant his initial extension in a timely manner, explaining whether he
made sufficient and timely requests for experts, and giving reasons for filing expressly
unauthorized motions do not require delving into attorney-client privilege or attorney
work product. Because counsel has not even attempted to show good cause for his failure
to timely file an application on applicant’s behalf, we find him in contempt of Court. 
Within 60 days of the date of this order, David K. Sergi is ordered to pay to this Court a
fine in the amount of $500.00. Also within 60 days of the date of this order, Sergi is
ordered to return to the convicting court any monies paid to him by the county as
attorney’s fees in this case. Similarly, should Hidalgo County have any outstanding
claims from Sergi for attorney’s fees in this case, they shall not be paid. Within 90 days
of the date of this order, the trial court is ordered to notify this Court whether Sergi has
properly reimbursed the county. A copy of this order shall be sent to the Chief
Disciplinary Officer at the State Bar of Texas.
           Paul Mansur is appointed to represent applicant and to file a writ of habeas corpus
on applicant’s behalf. Counsel is ordered to file the application in the trial court on or
before the 270th day from the date of this order. 
           IT IS SO ORDERED THIS THE 7th DAY OF JULY, 2008.
 
Do Not Publish